UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-01692-KK-ACCVx** | Date: | April 27, 2026 |
| Title: | ***Miguel Diaz v. Johnson and Johnson Pharmacuticles*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **(In Chambers) Order to Show Cause Why In Forma Pauperis Application Should Not Be Denied Due to Lack of Subject Matter Jurisdiction**

On April 3, 2026, plaintiff Miguel Diaz ("Plaintiff") filed a complaint, along with an application to proceed in forma pauperis.  ECF Docket ("Dkt.") No. 1, Complaint ("Compl."), dkt. 2.

Federal courts are courts of "limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]"  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Thus, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists," and may raise the issue "on its own initiative, at any stage in the litigation[.]"  Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 514 (2006).  The party asserting federal jurisdiction bears the burden of proving jurisdiction exists.  Me. Cmty. Health Options v. Albertsons Cos., Inc., 993 F.3d 720, 723 (9th Cir. 2021).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  Peralta v. Hisp. Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005).

Here, Plaintiff submits a sparse form complaint that does not provide sufficient information for this Court to conclude it has subject matter jurisdiction.  It appears Plaintiff seeks to sue Johnson & Johnson, the "maker of (Risperdal)," Compl. at 3; however, Plaintiff does not assert any federal claims, nor does the Court find any other basis for this Court to exercise federal question jurisdiction.

Additionally, while Plaintiff does not assert diversity jurisdiction, there are no facts from which this Court can conclude it has diversity jurisdiction.  Plaintiff has not alleged complete diversity of citizenship.  See 28 U.S.C. § 1332.   In addition, the Court is not persuaded Plaintiff's

claim for damages in the amount of $25 million is sufficiently plausible to satisfy the amount in controversy requirement.  See Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").  Thus, there is no basis for this Court to exercise diversity jurisdiction.

**Therefore, the Court postpones ruling on Plaintiff's application, and Plaintiff is therefore ORDERED TO SHOW CAUSE in writing no later than ten (10) days from the date of this Order why his application should not be denied due to lack of subject matter jurisdiction.  Plaintiff is explicitly warned failure to timely respond will result in this matter being dismissed without prejudice for failure to prosecute and comply with Court Orders. See Fed. R. Civ. P. 41(b).**

**IT IS SO ORDERED**.